**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **FRANKLIN DELANO RAGSDALE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 3:06-CV-863-K (BH)** |
| **v.** | § | |
| | § | **(Consolidated with No. 3:06-CV-870-D)** |
| **CLASSROOM TEACHERS OF** | § | |
| **DALLAS, et al.,** | § | |
| | § | |
| **Defendants.** | § | **Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Pursuant to the District Court's *Order*, filed August 11, 2006, this case was referred to this Court for pretrial management, including the issuance of findings, conclusions, and recommendations to the District Court on dispositive motions. Before the Court are the following motions:

(1) Defendants Dale Kaiser and National Education Association - Dallas's *Motion to Dismiss for Failure to State a Claim* ("NEA-Dallas MTD"), filed August 9, 2006;

(2) Defendants Kevin Lungwitz and E.C. Walker's *Motion to Dismiss for Failure to Properly Plead and for Failure to State Claim Upon Which Relief May Be Granted or, in the Alternative, Motions for More Definite Statement* ("Lungwitz MTD"), filed August 18, 2006;

(3) Plaintiff's *Opposition: Defendants' Motions to Dismiss* ("Resp."), filed August 22, 2006;

(4) Plaintiff's *Brief in Support; Opposition to Defendants' Motions to Dismiss* ("Resp. Br.") filed August 22, 2006; and

(5) Plaintiff's *Addendum; Plaintiff's Opposition: Defendants' Motions to Dismiss; Argument* ("Ad. to Resp."), filed August 28, 2006.

Based on the filings and applicable law, this Court recommends that the motions of Defendants

Kaiser and NEA-Dallas and Lungwitz and Walker be **GRANTED, in part,** and **DENIED, in part**.

## I.  BACKGROUND

Plaintiff Franklin Delano Ragsdale ("Plaintiff") worked for the Dallas Independent School District ("DISD") as a substitute teacher.  On February 6, 2006, the associate superintendent of DISD human resources sent Plaintiff a letter stating that he would be removed from the substitute teacher list due to the receipt of a complaint from one or more of DISD's campuses.  (*Complaint* at 6, *Ragsdale v. Classroom Teachers of Dallas, et al.*, (N.D. Tex. May 12, 2006) (No. 3:06-CV-863) (hereinafter, "Compl.")  The letter also notified Plaintiff that as a substitute teacher, he was not entitled ordinarily to contest the personnel decision; however, if he felt that his termination was the result of discrimination or an action violating state or federal law, he could file a grievance.  *Id*.  On February 9, 2006, Plaintiff requested Defendant Texas State Teachers Association-National Education Association ("TSTA-NEA") to represent him in a grievance against DISD as part of his membership benefits in TSTA-NEA (*see* Resp. Br. at 4); TSTA-NEA denied this request on February 16, 2006.  (*Id*. at 1-2.)  Plaintiff filed a grievance with DISD on February 21, 2006.  (Resp. Br. at 3.)

After receipt of DISD's letter removing him from the list of substitute teachers, Plaintiff filed two charges of discrimination (Nos. 450-2006-00822 and 450-2006-01251) with the Equal Employment Opportunity Commission ("EEOC") on February 24, 2006.[1]  (Compl. at 20; *Complaint* at 12, *Ragsdale v. The Dallas Independent School District, et al.*, (N.D. Tex. May 12, 2006) (No.

---

[1]Plaintiff did not include copies of the EEOC charges with his filings.  Although Plaintiff never plainly states a basis for discrimination, he does state that he is a "member of the protected class for which the Congress of the United States crafted legislation subsequent [to] the Emancipation Proclamation, the 13th and 14th Amendments to the Constitution."  (Resp. Br. at 2.)  The Court infers from this statement that Plaintiff contends that the NEA Defendants refused to process his grievance because of racial animus.

3:06-CV-870.)  On April 14, 2006, the EEOC dismissed both charges and issued Notices of Right to Sue.  *Id.*

On May 12, 2006, Plaintiff filed a complaint against Defendants Classroom Teachers of Dallas, TSTA-NEA, Dale Kaiser, and John Does 1 - 99.[2]  (Compl.)  The Classroom Teachers of Dallas is the predecessor of NEA-Dallas, which is an affiliate of TSTA-NEA; TSTA-NEA is a private, nonprofit corporation which serves as a voluntary professional association for public school employees.  (NEA-Dallas MTD at 1.)  Dale Kaiser is the President of NEA-Dallas.  *Id.*  In a timely response to this Court's *Order* dated July 10, 2006, Plaintiff named the John Does in the *Complaint* as E.C. Walker and Kevin Lungwitz.  Mr. Walker and Mr. Lungwitz are individuals employed by TSTA.  (Lungwitz MTD at 1.)  Because the causes of action against Defendants Kaiser and NEA-Dallas and Defendants Lungwitz and Walker stem from the same complaint, and because the issues involved are identical, these four Defendants are hereinafter collectively referred to as "NEA Defendants."

In his complaint against the NEA Defendants, Plaintiff claims that they violated his civil rights by refusing to process his grievance.  In particular, Plaintiff alleges that NEA Defendants violated his civil rights under the Emancipation Proclamation, the Thirteenth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. (Compl. at 1.)

On August 9, 2006, Defendants Kaiser and NEA-Dallas filed a *Motion to Dismiss for Failure to State a Claim* pursuant to FED. R. CIV. P. 12(b)(6).  On August 18, 2006, Defendants Lungwitz

---

[2]Plaintiff filed a second complaint on May 12, 2006, against Defendants DISD, Michael Hinojosa, and John Does 1-99.  (*Complaint*, *Ragsdale v. The Dallas Independent School District, et al.*, (N.D. Tex. May 12, 2006) (No. 3:06-CV-870)  Pursuant to the District Court's *Order*, filed May 24, 2006, the two complaints were consolidated under Civil Action No. 3:06-CV-863.

and Walker filed a *Motion to Dismiss for Failure to Properly Plead and for Failure to State Claim Upon Which Relief May Be Granted or, in the Alternative, Motions for More Definite Statement.*

## II.  Standard of Review

Motions to dismiss under FED. R. CIV. P. 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d at 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-plead facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-plead facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  A court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Taylor v. Maple Ave. Econ. Dev. Corp.,* 2002 WL 1758189 *3, *citing Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) .  "The court may

dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).

### III.  Analysis

Plaintiff alleges that NEA Defendants violated his civil rights by refusing to process a grievance against DISD.  (Compl. at 1.)  In particular, Plaintiff alleges that NEA Defendants violated his civil rights under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, the Emancipation Proclamation, and the Thirteenth and Fourteenth Amendments to the United States Constitution. *Id.*  Based on his invocation of the Emancipation Proclamation, the Court infers that Plaintiff alleges discrimination on the basis of race.

### A.  42 U.S.C. § 1981

When NEA Defendants purportedly refused to process Plaintiff's grievance against DISD, Plaintiff alleges that they violated his civil rights under 42 U.S.C. § 1981.  (Resp. Br. at 4.)  Under the Civil Rights Act of 1866,

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

42 U.S.C. § 1981.  "The term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  *Id.*  Section 1981 protects against "impairment by nongovernmental discrimination and impairment under color of State law."  *Id.*  A violation under § 1981 requires purposeful discrimination.  *General Bldg Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 390-91 (1982).

Although usually asserted as a claim for employment discrimination,[3] § 1981 includes other actionable forms of discrimination, such as a breach of a union's duty of fair representation to its members.  For a union to breach its duty of fair representation and violate § 1981, its actions must be arbitrary, discriminatory, or in bad faith.  *Air Line Pilots Assoc. Intern. v. O'Neill*, 499 U.S. 65, 67 (1991).  While Plaintiff's allegations appear conclusory because they do not cite specific discriminatory acts by NEA Defendants, the Court must liberally construe this *pro se* Plaintiff's pleadings as true and view them in the light most favorable to the non-movant.  *Baker*, 75 F.3d at 196.  Under this standard, Plaintiff has sufficiently alleged a claim under § 1981 because he has identified a basis for discrimination as well as what he perceives to be a discriminatory action by NEA Defendants.

The Court therefore recommends that dismissal of Plaintiff's § 1981 claim pursuant to Rule 12(b)(6) be denied, and that Plaintiff be entitled to present evidence on his allegation that NEA Defendants refused to process his grievance against DISD because of racial animus.

## B.  42 U.S.C. § 1983

Plaintiff also alleges that NEA Defendants refused to process his grievance against DISD in violation of 42 U.S.C. § 1983.  (Compl. at 1.)  Section 1983 provides a civil action for deprivation of rights against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."  42 U.S.C. § 1983.  In light of the Rule 12(b)(6) standard of review, "to state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged

---

[3]NEA Defendants appear to assume that Plaintiff alleges employment discrimination against them on this basis.  (NEA-Dallas MTD at 5-6; *See* Lungwitz MTD at 4.)  However, even liberally construing the complaint, as it must, the Court does not find that Plaintiff has alleged such a claim.  Plaintiff makes no allegation of any employment relationship between himself and NEA Defendants.

deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)(citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Plaintiff fails to allege that NEA Defendants are state actors or that they acted in concert with state actors. The NEA Defendants are not state actors, and the "under color of state law" element of § 1983 excludes merely private conduct. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *see also Laredo Fraternal Order of Police, Lodge 911 v. City of Laredo, Tex.*, 2005 WL 1189839, *3 (S.D. Tex. Apr. 29, 2005) ("private entities such as unions are not state actors and therefore do not act under color of law") (citing *Hudson v. Chicago Teachers Union Local No. 1*, 743 F.2d 1187, 1190-91 (7 Cir.1984.)) However, a non-state actor may be liable under § 1983 if it was a "willful participant in joint activity with the State or its agents." *Preister v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994.)) As discussed below, Plaintiff alleges a conspiracy under 42 U.S.C. § 1985(3) between NEA Defendants and DISD, which is a state actor, to violate Plaintiff's rights under § 1983. (*Compare Preister*, 354 F.3d at 420) (upholding district court's dismissal of § 1983 claim because plaintiff failed to allege that defendants agreed to commit an illegal act.)

The Court therefore recommends that dismissal pursuant to Rule 12(b)(6) for Plaintiff's § 1983 claim be denied and that Plaintiff be entitled to present evidence on his § 1983 claim.

## C.  42 U.S.C. § 1985

Plaintiff alleges that NEA Defendants conspired in violation of 42 U.S.C. § 1985 in their alleged refusal to process a grievance against DISD.[4]  (Compl. at 1; Resp. Br. at 5.)  For Plaintiff to

---

[4]Although Plaintiff alleges that DISD Defendants violated Tex. Lab. Code § 52.031, the Blacklisting Offense, he does not assert this cause of action against NEA Defendants.  (Resp. Br. at 2 and 5.)

state a claim under 42 U.S.C. § 1985(3) in the Fifth Circuit,[5] he must allege that

> (1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus.

*Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n. 12 (5th Cir. 2001) (citing *Wong v. Stripling*, 881 F.2d 200, 202-03 (5th Cir.1989)).  "Section 1985(3) can provide a cause of action against purely private conspiracies.  State action is not an essential element of a § 1985(3) claim."  *Wong*, 881 F.2d at 203.

In the instant case, Plaintiff asserts that "[a]ll of the named defendants, especially Lungwitz and Walker are integral, actors in and of [a] conspiracy."  (Resp. Br. at 2.)  According to Plaintiff, NEA Defendants refused to process his grievance against DISD because of racial animus in violation of his rights protected by § 1981.  Plaintiff cites to an initial denial of representation as evidence of the conspiracy against him.  (*See* Resp. Br. at 5.)  Liberally construing this *pro se* Plaintiff's pleadings as true and viewing them in the light most favorable to the non-movant, the Court finds that Plaintiff has sufficiently stated a claim for relief under § 1985(3) and is entitled to present evidence on his allegation of a conspiracy under § 1985(3).  *Baker*, 75 F.3d at 196.

## D.  42 U.S.C. § 1986

Plaintiff also cites 42 U.S.C. § 1986 as a cause of action against NEA Defendants.  (Compl.

---

[5]Plaintiff initially asserts 42 U.S.C. § 1985(1) against NEA Defendants (Compl. at 1) but drops this cause of action and later only asserts §§ 1985(2) and (3).  (Resp. Br. at 5.)  Because § 1985(1) prohibits the interference with a federal officer's duties and § 1985(2) protects parties or witnesses who seek to attend or testify in federal court and  Plaintiff has made no allegation that he is either a federal officer or that any of the Defendants ever prevented him from attending or testifying in court, the Court liberally construes Plaintiff's *Complaint* as asserting a cause of action only under § 1985(3).

at 1.)  Section 1986 imposes liability on those who have knowledge of a conspiracy as described in § 1985 but neglect or refuse to prevent the conspiracy.  42 U.S.C. § 1986.  In order to allege a § 1986 claim, Plaintiff must first successfully allege a § 1985 claim.  *Newberry v. East Texas State Univ.*, 161 F.3d 276, 281 n. 3 (5th Cir. 1998).  Because Plaintiff's § 1985(3) claim has survived NEA Defendants' motions to dismiss, so too must the § 1986 claim.

### E.  42 U. S. C. § 1988

Plaintiff alleges that NEA Defendants violated his civil rights under 42. U.S.C. § 1988. (Compl. at 1.)  Recovery under § 1988, a claim for attorneys' fees for the prevailing party, first requires successful enforcement of a claim under §§ 1981, 1983, or 1985; § 1988 does not create or provide for a cause of action by itself.  *See* 42 U.S.C. § 1988.

### F.  The Emancipation Proclamation and Amendments 13 and 14 to the U.S. Constitution

Plaintiff alleges that NEA Defendants violated his rights under the Emancipation Proclamation and the Thirteenth and Fourteenth Amendments to the United States Constitution. (Compl. at 1.)

The Emancipation Proclamation is a historical document issued by President Abraham Lincoln on January 1, 1863.  It declared that "all persons held as slaves" within the rebellious areas of the Confederacy "are, and henceforward shall be free."  EMANCIPATION PROCLAMATION, (1863). It does not provide a cause of action for Plaintiff's alleged discrimination by NEA Defendants.

The Thirteenth and Fourteenth Amendments of the Constitution likewise do not provide for independent causes of action in the instant case because Congress has provided for other means of enforcement.  The Thirteenth Amendment addresses involuntary servitude; it does not create a "general right to be free from private racial discrimination in all areas of life."  *Wong*, 881 F.2d at

203.  The Fourteenth Amendment is not an independent basis for relief against state officials who violate the Constitution because such relief is provided for in 42 U.S.C. § 1983.  *Hearth, Inc. v. Dept. of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980).

Accordingly, because no cause of action exists under either the Emancipation Proclamation or the Thirteenth and Fourteenth Amendments to the United States Constitution, Plaintiff has failed to state a claim which relief can be granted on these claims.

## G.  Motion for More Definite Statement

Defendants Lungwitz and Walker move for a more definite statement pursuant to FED. R. CIV. P. 12(e) for Plaintiff to provide a clear statement on the factual and legal grounds upon which he is suing defendants.  (Lungwitz MTD at 3.)  Rule 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.

"Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing that the plaintiff is entitled to relief.  Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist."  *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). "If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)."  *Id.* (citing 5 WRIGHT & MILLER, FED. PRACTICE & PROCEDURE CIVIL § 1356 at 590-591). However, a motion for more definite statement is not a substitute for obtaining information that can be clarified and developed through discovery.  *See Arista Records LLC v. Greubel*, 453 F. Supp. 2d

961, (N.D. Tex. 2006) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132-33 (5th Cir.1959)). The court has the discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading. *Mitchell*, 269 F.2d at 130.

Although Plaintiffs' complaint is vague, it satisfies the notice-pleading requirements of FED. R. CIV. P. 8(a). Plaintiff specifically alleges that Defendants refused to process his grievance against DISD for removing him from the substitute teacher list, and that such refusal was discriminatory and violated his civil rights. These allegations and their factual background provide sufficient notice so that NEA Defendants may frame a responsive pleading. The discovery process likely will reveal the specific facts sought by the Rule 12(e) motion. The Court therefore recommends that Defendants Lungwitz and Walker's Rule 12(e) motion be denied.

### IV. Conclusion

For the reasons stated above, the Court recommends that Defendants Dale Kaiser and NEA - Dallas's *Motion to Dismiss for Failure to State a Claim* and Defendants Kevin Lungwitz and E.C. Walker's *Motion to Dismiss for Failure to Properly Plead and for Failure to State Claim Upon Which Relief May Be Granted or, in the Alternative, Motions for More Definite Statement* be **GRANTED** in part and **DENIED** in part:

(1)    The Court recommends that the motions be **GRANTED** as to Plaintiff's claims for relief under 42 U.S.C. § 1988, the Emancipation Proclamation, and the Thirteenth and Fourteenth Amendments to the United States Constitution, and that these claims be **DISMISSED WITH PREJUDICE** pursuant to FED. R. CIV. P. 12(b)(6);

(2)    The Court recommends that the motions be **DENIED** as to the claims under 42 U.S.C. §§ 1981, 1983, 1985(3) , and 1986; and

(3)    The Court recommends that Defendants Lungwitz and Walker's Rule 12(e) motion be **DENIED**.

**SO RECOMMENDED**, on this 20th day of January, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE